

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 5, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H- 517

Re: Ability of the Coordinating
Board to contract with the
Texas Education Agency

Dear Dr. Brockette:

You have asked whether the Coordinating Board may enter into an inter-agency contract with the State Board of Education concerning technical-vocational education in public higher education, or whether such a contract would necessarily be impermissible under the Interagency Cooperation Act, article 4413(32), V. T. C. S., and section 61. 021, Education Code. No particular contract has yet been prepared.

Section 61. 021 provides in part:

> [The Coordinating Board] shall perform only the
> functions which are enumerated in this chapter
> and which the legislature may assign to it.

Section 5 of article 4413(32) similarly states:

> No agreement or contract may be entered into
> or performed which will require or permit an
> agency of the State to exceed its constitutional
> or statutory duties and responsibilities . . . .

It is our understanding that the Board of Control, the agency charged with administering article 4413(32), has interpreted the Act to allow those contracts which require a particular agency to perform only functions of the same type as those entrusted to the agency by statute or constitutional provision. It is our opinion that this is the correct construction of article 4413(32) and that section 5 prohibits only those contracts which require an agency to perform functions unlike those which it may perform under statute or constitutional provision. See Attorney General Opinion M-1253 (1972).

p. 2331

Section 61. 070 of the Education Code provides that none of the duties or functions of the Central Education Agency are affected by the establishment of the Coordinating Board. Section 11.24(a) of the Education Code makes the State Board of Education the State Board for Vocational Education. However, in our opinion, these statutes would not invalidate an interagency contract so long as the Board of Education retains its ultimate responsibility in the discharge of its duties. The statutes contemplate that the Coordinating Board will enter into interagency contracts (Education Code, § 61. 067) and that the State Board for Vocational Education and the Coordinating Board will act cooperatively [Education Code, § § 31. 81 and 61. 051(f)].

"[The Coordinating Board] shall represent the highest authority in the state in matters of public higher education." Education Code, § 61. 051(a). Pursuant to this responsibility, the Board performs such functions as program and course review [§ 61. 051(f)], the promotion of teaching excellence (§ 61. 057), the supervision of construction and development of physical plants (§ 61. 058), recommendations as to appropriations (§ 61. 059), the prescription of a uniform system of reporting and accounting (§ 61. 065), and the preparation of studies, recommendations, and reports (§ 61. 066).

In our opinion there is no impediment to a contract between the Coordinating Board and the State Board of Education whereby the Coordinating Board performs functions of the same type as those within its statutory responsibilities, provided that the State Board of Education does not delegate its discretionary authority as the State Board of Vocational Education and retains its ultimate responsibility over the State's technical and vocational education programs. Attorney General Opinion M-1253 (1972). Any specific contract will be subject to approval by the Board of Control. Attorney General Opinion H-446 (1974).

### S U M M A R Y

The Coordinating Board may enter an interagency contract with the State Board of Education whereby the

Coordinating Board will perform functions of the same type as those entrusted to it by statute, provided that the State Board of Education retains its ultimate responsibility over the State's technical-vocational education program.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee